**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 05-4502

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL BELSER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-197)

_____

Submitted: March 31, 2006          Decided: April 18, 2006

_____

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Belser was found guilty of possession with intent to distribute forty-one grams of cocaine base ("crack") (Count 1), possession of a firearm by a convicted felon (Count 2), and possession of firearm in furtherance of a drug trafficking crime (Count 3). Taking into account the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), the court sentenced Belser under the advisory Sentencing Guidelines to a total sentence of 248 months of imprisonment: 188 months for Count 1, 120 months concurrently on Count 2, and five years (sixty months) to run consecutively for Count 3. On appeal, Belser's counsel alleges there was insufficient evidence to support his conviction for Count 3. In his pro se supplemental brief, Belser alleges that his sentence for Count 1 violates Booker. For the reasons that follow, we affirm.

First, viewing the evidence as required, Glasser v. United States, 315 U.S. 60, 80 (1942), any rational trier of fact could have found the essential elements of Belser's conviction for possession of a firearm in furtherance of a drug trafficking crime beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (stating standard). Accordingly, this claim fails.

Second, we do not find the district court's sentence relying on <u>Booker</u> and 18 U.S.C.A. § 3553(a) was unreasonable. <u>Booker</u>, 543 U.S. at 261; <u>United States v. Hughes</u>, 401 F.3d 540, 546-47 (4th Cir. 2005). "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable." <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir. 2006) (internal quotation marks and citation omitted). Therefore, this claim fails.

Accordingly, we affirm Belser's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>